IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AMANDA UNDERWOOD,

        Plaintiff,

v.                            CIVIL ACTION NO.  2:11-cv-00506

THE WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Rule 12(b)(1) Motion to Dismiss [Docket 6]. For the reasons discussed below, this motion is **GRANTED in part and DENIED in part**.

**I.    Background**

In November 2010, plaintiff Amanda Underwood's parental rights were terminated by the Circuit Court of Berkeley County, West Virginia. (Mot. Dismiss, Ex. D [Docket 6]). The instant case arises from her allegations that the defendants violated her constitutional rights during the series of events that led to this termination.

The events leading to this lawsuit began on July 10, 2009, when Ms. Underwood's children were removed from her home by the West Virginia Department of Health and Human Resources ("WVDHHR"). On July 13, 2009, three days after the children were physically removed from the home, the Circuit Court of Berkeley County entered an order granting the WVDHHR emergency temporary custody of the children. (Am. Compl. ¶ 12.) On July 20, 2009, the Circuit Court held a preliminary hearing regarding the custody of Ms. Underwood's children. (*Id.* ¶ 13.) At this

hearing, the WVDHHR and the children's guardian ad litem agreed that the children should be returned to Ms. Underwood's legal and physical custody. (*Id.*) On July 27, 2009, one week after the children were returned to Ms. Underwood, WVDHHR social worker Mary Carper and her supervisor instructed Ms. Underwood to bring the children to the Berkeley County Office of the WVDHHR. (*Id.* ¶ 14.) Ms. Underwood complied. (*Id.*) Ms. Carper then removed the children from Ms. Underwood's custody. (*Id.*)

On November 6, 2010, a disposition hearing was held in the Circuit Court of Berkeley County. (Mot. Dismiss, Ex. D [Docket 6].) The court found that there was no reasonable likelihood that the conditions of the neglect could be substantially corrected in the near future. (*Id.*) Accordingly, the court ordered that Ms. Underwood's parental rights were permanently terminated. (*Id.*)

The plaintiff subsequently filed suit in this court, alleging that her constitutional rights were violated during the termination process. Her complaint contains seven counts. Count One seeks a preliminary and permanent injunction "prohibiting WVDHHR and anyone acting in concert with WVDHHR from retaining custody of [the children]," transferring custody of the children, or consenting to their adoption. (Am. Compl. ¶¶ 51-53.) Count One also seeks an injunction prohibiting the children's adoption. (*Id.*) Count Two is entitled "Declaratory Judgment," and asserts that the plaintiff is entitled to "judgment as a matter of law" with respect to several allegations. (*Id.* ¶¶ 55-64.) Count Three asserts a claim under 42 U.S.C. § 1983 for a violation of the plaintiff's Fourteenth Amendment Due Process rights, and seeks compensatory and punitive damages. (*Id.* ¶¶ 65-75.) The Complaint contains two counts labeled "Count Four." The first Count Four (hereinafter "Count Four(A)") asserts a § 1983 claim for violation of

the Fourth Amendment protection against illegal search and seizure, and seeks compensatory and punitive damages. (*Id.* ¶¶ 76-78.) The second Count Four (hereinafter "Count Four(B)") seeks an order finding that WVDHHR is in contempt of court based on a Consent Decree in a 1984 case. (*Id.* ¶¶ 79-80.) The complaint also includes two counts labeled count five. The first Count Five (hereinafter, "Count Five(A)"), asserts that the West Virginia Abuse and Neglect Statute is an unconstitutional violation of the Fourteenth Amendment. (*Id.* ¶¶ 81-96.) The second Count Five (hereinafter, "Count Five(B)"), asserts a claim for "Negligent, Wanton, Reckless and Malicious Infliction of Emotional Distress." (*Id.* ¶¶ 97-105.)

The defendants have filed a Rule 12(b)(1) Motion to Dismiss, asserting that the court lacks jurisdiction over the plaintiff's claims due to the Rooker-Feldman doctrine and the Domestic Relations Exception to federal jurisdiction. (Mot. Dismiss [Docket 6].)

## II. Standard of Law

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss filed under Rule 12(b)(1), the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Id.* The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## III. Discussion

### a. Rooker-Feldman Doctrine

The Rooker-Feldman Doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 126 S.Ct. 1198, 1201 (2006) (per curiam); *see also Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (2011); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 718-19 (4th Cir. 2006); *Washington v. Wilmore*, 407 F.3d 274, 279-80 (4th Cir. 2005). The Supreme Court has emphasized that Rooker-Feldman is a narrow doctrine. *Lance*, 126 S.Ct. at 1201. The doctrine "deprives district courts of subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006) (quoting *Exxon Mobile*, 544 U.S. at 284). While "a state-court decision is not reviewable by lower federal courts, [] a statute or rule governing the decision may be challenged in a federal action." *Skinner*, 131 S.Ct. at 1298.

Count One of the plaintiff's complaint seeks an injunction relating to the custody of Ms. Underwood's children. The plaintiff has asked this court to enjoin "WVDHHR and anyone acting in concert with WVDHHR" from retaining or transferring custody of the children, and from consenting to their adoption. (Am. Compl. ¶¶ 51-53.) However, the plaintiff's parental rights were terminated by the Berkeley County Circuit Court in November 2010. (Disposition Hearing Order For Amanda Underwood Terminating Her Parental Rights, Ex. D [Docket 6]). This court **FINDS** that it does not have jurisdiction to review that decision. Because the plaintiff's parental rights have been terminated, she does not have standing to seek an injunction relating to their custody. Therefore, Count One of the complaint is hereby **DISMISSED**.

Count Two of the Amended Complaint is labeled "Declaratory Judgment" and states that the plaintiff "is entitled to judgment as a matter of law" regarding ten different allegations. (Am. Compl. ¶¶ 55-64.) Among other things, the plaintiff has requested "judgment as a matter of law that the Circuit Court of Berkeley County failed to protect the rights of Ms. Underwood by failing to vacate the termination of parental rights of Amanda Underwood." (*Id.* ¶ 62.) This court is prohibited from exercising appellate jurisdiction over a completed state court action. *Lance v. Dennis*, 126 S.Ct. 1198, 1201 (2006) (per curiam). In Count Two, the plaintiff asks this court to review and invalidate a state court decision. Therefore, the court **FINDS** that it lacks subject matter jurisdiction over this claim. Accordingly, Count Two of the Amended Complaint is hereby **DISMISSED**.

The remaining claims in the plaintiff's complaint are based on the actions of the WVDHHR. They are not "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," and therefore are not barred by the Rooker-Feldman doctrine. *Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006).

**B. Domestic Relations Exception**

Next, the defendants allege that the plaintiff's claims are barred by the domestic relations exception to federal jurisdiction. The domestic relations exception prohibits federal courts sitting in diversity from issuing or altering "divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The exception applies only to diversity actions. It "has no generally recognized application as a limitation on federal question jurisdiction." *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1994); *see also Ankenbrandt*, 504 U.S. at 695-700.

Because this case was not brought under this court's diversity jurisdiction, the domestic relations exception does not apply.

### IV. Conclusion

For the reasons discussed above, the plaintiffs Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED** with respect to Count One and Count Two of the plaintiff's amended complaint and **DENIED** in all other respects.

ENTER: June 5, 2012

Joseph R. Goodwin, Chief Judge